David M. Schlachter, Esq.
LAW OFFICES OF DAVID M. SCHLACHTER, LLC
579 Main Avenue
Passaic, NJ 07055
(973) 272-4768
Davids@lawdms.com – DS1694
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-------------------------------------------------------
MICHAEL KAYSER AND BARBARA KAYSER,

          Plaintiffs,

OCWEN LOAN SERVICING, LLC, MORGAN STANLEY MTG TRUST MSM, MORGAN STANLEY DEAN WITTER,

          Defendants.
-------------------------------------------------------

**Docket No.**

**COMPLAINT**

**Jury Trial Requested**

[Stamp: RECEIVED OCT 0 7 2013 AT 8:30 WILLIAM T. WALSH]

Plaintiffs, MICHAEL AND BARBARA KAYSER (hereinafter collectively "Plaintiff"), by their undersigned counsel, DAVID M. SCHLACHTER, ESQ. of LAW OFFICES OF DAVID M. SCHLACHTER, LLC, for their Complaint alleges, upon personal knowledge as to herself and her own acts and upon information and belief as to all other matters, as follows:

### NATURE OF ACTION

1.    This matter is an Action for Quiet Title, fraud, wrongful indebtedness, wrongful collection on a mortgage, slander of title, slander of credit, unjust enrichment and other rights and remedies against Defendants, who have fraudulently asserted possessory interests in the debt obligations securing the Plaintiff's real property, induced the Plaintiff to rely on the fraudulent assertions, induced Plaintiff to pay their mortgage debt obligations to parties who have no cognizable claim to those debts, induced Plaintiff to sign a Loan terms against Plaintiff's

best interests, have subjected Plaintiff to fraudulent debt obligations while remaining liable for legitimate debt obligations securing their real property, and unjustly enriching the Defendants as a direct consequence of the Defendants' fraudulent assertions.

2. Plaintiff is an individual who resides at 9 Autumn Drive, Scotch Plains, New Jersey 07076.

3. Upon information and belief, Defendants MORGAN STANLEY MTG TRUST MSM and MORGAN STANLEY DEAN WITTER are subsidiaries of one another, or otherwise linked through a single corporate parent relationship ("Morgan Stanley") is a bank and financial institution with its principal office at 1585 Broadway, New York, New York 10036.

4. Upon information and belief Defendant OCWEN LOAN SERVICING, LLC ("Ocwen") is a bank and/or loan servicing company 1661 Worthington Road, Suite 100, West Palm Beach, Florida 33409.

## JURISDICTION AND VENUE

5. Plaintiff brings this matter to the United States District Court based upon 28 U.S.C. Sec. 1332, based on diversity jurisdiction as the Defendants are incorporated and their principal places of business are in different States from Plaintiffs' domicile and the amount in dispute exceeds $75,000. Venue is proper because subject property is in this Jurisdiction.

## CLAIMS

6. On or about July 2003 Plaintiffs obtained financing on their primary residence from Plaintiff Morgan Stanley in the amount of $396,000.

7. The terms of the mortgage reflected an interest rate that was 4.75% and adjusted 200 points higher than the volatile and unpredictable LIBOR index.

8. As the adjustment was based on the LIBOR index the Trust in Lending Disclosure Form wrongfully predicted the amortization schedule.

9. Saxon Mortgage a subsidiary of Morgan Stanley services the loan.

10. Defendant Ocwen took over servicing the loan on or about 2012.

11. Upon information and belief, the Note and Mortgage were assigned to Defendant Trust, Morgan Stanley MTG Trust MSM.

12. Upon information and belief, and based on a search of the Edgar database, the Trust had a closing date of 2002.

13. Upon information and belief, the Trust's Pooling and Servicing documents indicate that New York Trust law governs the legal right to possession of any mortgage backed security.

14. This is done to maintain its Securities and Exchange Commission compliance.

15. This is done to maintain its Real Estate Mortgage Investment Conduit status with the Internal Revenue Service.

16. Noncompliance would destruct the legal possession.

17. Because the Trust closed in 2002 and the underlying Note and Mortgage were given and created in 2003, the documents never made it into the Trust for legal purposes.

18. In 2012 Plaintiffs asked for a payoff and reinstatement figures from Ocwen.

19. Ocwen provided a statement indicating six payments missing.

20. At the time, however, Plaintiffs only missed five payments.

21. Ocwen to date refuses to remedy this calculation.

22. Plaintiff sent a couple of Qualified Written Requests under RESPA law to Ocwen.

23. Ocwen has refused to respond with the asked for documents, including failing to provide the Note, Mortgage, Truth in Lending Disclosure, and HUD-1.

24. In responding, Ocwen did provide a payment history showing more payments missing.

25. As there is a miscalculation, Plaintiffs cannot become current and now find it impossible to reinstate.

26. Furthermore, Plaintiffs applied to the New Jersey Homekeepers program.

27. This program lends money to Borrowers who are behind on their mortgages and the money is meant to become current.

28. Defendant Ocwen indicated that upon receipt of reinstatement monies it would modify the mortgage under Home Affordable Modification Program for current borrowers. (now it is called Home Affordable Refinance Program).

29. Ocwen has failed to full such obligation and promises.

30. Plaintiffs obtained $50,000 from the program and all of it went to reinstate.

31. Ocwen has yet to modify the mortgage or loan.

32. Plaintiffs spent not less than $7,500 of their own monies on legal services and other fees in trying to modify the mortgage.

33. Plaintiffs has a second mortgage on the property.

34. This mortgage caused the property to be underwater (worth less than the total liens on the property).

35. Plaintiffs used savings and monies drawn from their IRA account to settle a second lien, held by Chase Home Finance.

36. Plaintiffs paid $110,000 to settle this second lien.

37. This money is spent in vain as the first mortgage is still unaffordable.

## COUNT ONE – Wrongful Collection Practice

38. Plaintiff re-alleges all allegations made thus far.

39. The Note and Mortgage in this matter never legally transferred to the Trust.

40. Defendants are trying to collect on a Note that they do not have legal possession of, or legal right to service.

41. As the mortgage follows the note, Defendant Morgan Stanley has no rights to enforce collection on the Note or the Mortgage.

42. Defendant cannot sue Plaintiff for foreclosure or collect on the note or authorize Defendant Ocwen to do so.

Wherefore, Plaintiff seeks an Order of judgment for damages, punitive damages, against Defendant for the wrongful collection and wrongful prosecution of a foreclosure action, and for other such relief as this Court seems proper.

## COUNT TWO – Quite Title

43. Plaintiff re-alleges all allegations made thus far.

44. As the Trust closed in 2002 a year before the Note and Mortgage were created, the question about legal title remains.

45. Title, thus, never transferred to Defendants.

46. Defendants cannot produce the physical and original Note and Mortgage.

Wherefore, Plaintiff seeks an Order of judgment for damages, punitive damages, and special damages against Defendant and an injunctive Order of Quiet Title of the Note and Mortgage, and other such relief as the Court deems proper.

## COUNT THREE - FRAUD

47. Plaintiff re-alleges all allegations made thus far.

48. Defendant knew or should have known it does not possess true, legal title to the collection on the subject mortgage.

49. Defendant continued to send notices to collect from Plaintiff anyway.

50. When Plaintiff stopped paying the mortgage Defendant called Plaintiff several times a day.

51. Defendant sent letters to Plaintiff to try to induce Plaintiff to pay money to Defendant.

52. Defendant Ocwen made false promises in regards to modifying the mortgage.

53. Plaintiffs spent more than $100,000 in consideration of that promise.

54. Defendant violated the Fair Debt Collection Practice Act by these actions.

55. Defendant violated the Fair Debt Collection Practices Act and RESPA law by failing to comply with Plaintiff's Qualified Written Requests.

56. Defendants still refuse to provide any loan work-outs despite Plaintiffs qualifying. Wherefore, Plaintiff seeks an Order of judgment for damages, punitive damages, against Defendant for the wrongful collection practices, harassment, and fraudulent inducement, and other such relief as this Court deems proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment:

a) Quieting title against Defendants;

b) Expunging the debt obligations and instruments asserted by Defendants against Plaintiff's subject property from the record;

c) Granting damages to Plaintiff for Defendants' fraud;

d) Granting damages to Plaintiffs for Defendants unjust enrichment;

e) Granting punitive damages for the conduct and fraud.

f) Granting attorney's fees to Plaintiff.

g) Other relief that this Court deems proper.

## DEMAND FOR A TRIAL BY JURY

Plaintiff demands a trial by jury.

Dated: New York, New York
September 8, 2013

By /s/ David
David M. Schlachter, Esq.
LAW OFFICES OF
DAVID M. SCHLACHTER, LLC
579 Main Avenue
Passaic, NJ 07055
(973) 272-4768
DS1694
Davids@lawdms.com
Attorneys for Plaintiffs